Linh Hoàng DANG, Petitioner—Appellant,

v.

**Robert O. LAMPERT, Superintendent, Respondent—Appellee.**

No. 04–35429.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 19, 2005.

Christopher J. Schatz, Esq, Federal Public Defender's Office, Portland, OR, for Petitioner-Appellant.

Youlee Yim You, Kathleen Cegla, Office of the Oregon Attorney General, Salem, OR, for Respondent-Appellee.

Before: HUG, TASHIMA and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner–Appellant Linh Hoang Dang appeals the denial of his petition for writ of habeas corpus. We affirm.

Dang has not satisfied the *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) test for ineffective assistance of counsel. Dang failed to show that his counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. Dang knowingly forced his counsel to trial with little more than thirty days lead time by insisting that the prosecution comply with his statutory speedy trial rights. *See Stuard v. Stewart,* 401 F.3d 1064, 1068–69 (9th

Cir.2005). Given the time that she had to prepare, Dang's counsel could have reasonably declined to pursue forensic testing of the gun allegedly used in the assault in favor of more viable defense strategies. *See Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). Nor · has Dang demonstrated "a reasonable probability that . . . the result of the proceeding would have been different" if his counsel had requested the test. *Id.* at 694, 104 S.Ct. 2052. Assuming the test revealed no blood on the gun, the prosecutor could have argued that the assault had been committed with another gun (perhaps the one that Dang had recently sold) or that Dang had time to clean any blood from the gun before his arrest. Accordingly, the state court's assessment of counsel's performance was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

Dang did not request an interpreter at trial. *See Gonzalez v. United States,* 33 F.3d 1047, 1051 (9th Cir.1994). Dang has not shown that the trial court disregarded a clear need for an interpreter. *See United States v. Si,* 343 F.3d 1116, 1122 (9th Cir.2003). Hence, we decline to expand the Certificate of Appealability to encompass the due process claim. *See* 28 U.S.C. § 2253(c)(2).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.